**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KANDACE C. COWEN, JIMMY D. PIERCE, | )<br>)<br>) |
| Plaintiffs, | ) No. CIV 10-452-TUC-CKJ |
| vs. | ) **ORDER** |
| AURORA LOAN SERVICES, | )<br>) |
| Defendants. | ) |

Pending before the Court are Plaintiffs' Application for Default (Doc. 5), Plaintiffs' Amended Application for Default (Doc. 8), Defendant's Motion to Set Aside Default (Doc. 7), Defendant's Motion to Set Aside Amended Application for Default (Doc. 9), and Defendant's Motion to Dismiss (Doc. 6). No responses have been filed.[1]

*Procedural Background*

On June 25, 2010, Plaintiffs Kandace C. Cowen and Jimmy D. Pierce ("Plaintiffs") initiated an action in the Superior Court in and for the County of Pima.[2] The action was

---

[1] Where a party does not file a response, that lack of a response may be deemed a consent to the granting of a motion and the Court may dispose of a motion summarily. *See* L.R.Civ. 7.2(i). Nonetheless, the Court will consider the pending motions.

[2] The Notice of Removal includes the document labeled a complaint. The document appears to be a copy of correspondence from Plaintiffs to Defendant with "Complaint" written on it. The Court will discuss pleading requirements herein.

removed to this Court on July 29, 2010, by Defendant Aurora Loan Services ("Defendant").

On August 5, 2010, Plaintiffs filed an Application for Default and an Amended Application for Default.[3] The Applications indicate that Defendant was personally served by mail on Defendant on June 28, 2010. On August 6, 2010, Defendant filed a Motion to Set Aside the Application for Default and, on August 11, 2010, Defendant filed a Motion to Set Aside the Amended Application for Default.

Additionally, on August 6, 2010, Defendant filed a Motion to Dismiss.

*Applications for Default and Motions to Set Aside Default*

Default may be entered when a party has failed to plead or otherwise defend an action. *See* Fed.R.Civ.P. 55(a). However, default cannot be entered unless documentation establishes that a defendant has been served with a summons and complaint (or has agreed to waive service), the time allowed for responding has expired, and defendant has failed to file a pleading or motion permitted by law. *First American Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 86 (D.D.C. 1981). The term "otherwise defend" is not defined in the Federal Rules; generally, it is understood to include motions attacking service, motions to dismiss, motions for bills of particulars, or motions for summary judgment. *See* 10 James Wm. Moore, et al., Moore's Federal Practice § 55.10[2][b] (3d ed.2007). However, one day after the filing of the Applications for Default and prior to the Clerk of the Court entering default, Defendant filed a Motion to Dismiss. Such a document constitutes otherwise defending an action. Entry of default is not appropriate. *See e.g. Hazzard v. Weinberger*, 382 F.Supp. 225 (S.D.N.Y. 1974), *aff'd* 519 F.2d 1397 (motion to enter default judgment denied where motion to dismiss was filed two days late; co-defendant was not sufficiently

---

[3]The Court notes that the Applications refer to the default being effective ten days after the filing of the Application. Although the Arizona Rules of Civil Procedure provide for such an effective date, the Federal Rules of Civil Procedure do not have a similar provision.

- 2 -

served with process).

Moreover, where a plaintiff has "failed to serve [defendant] properly . . . the default judgment is void[.]" *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851-52 (9th Cir. 1992); *see also, Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) (Where default "is based on a void judgment under rule 60(b)(4), the district court has no discretion-the judgment is either void or it is not. If a court lacks jurisdiction ... because of insufficient service of process, the judgment is void and the district court must set it aside.). Defendant asserts that service was not proper and, therefore, default should not be entered.

In this case, Plaintiffs attempted service by mail. However, neither the docket nor the Applications for Entry of Default include any proof of service. As correctly stated by Defendant, the Federal Rules of Civil Procedure do not provide for service by mail (except for waiver of service and acceptance of process) unless the service is based on the rules applicable under state law. Arizona law provides:

> When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt. Service by mail pursuant to this subpart and the return thereof may be made by the party procuring service or by that party's attorney. Upon return through the post office of the signed receipt, the serving party shall file an affidavit with the court stating (1) that the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender. This affidavit shall be prima facie evidence of personal service of the summons and the pleading and service shall be deemed complete and time shall begin to run for the purposes of Rule 4.2(m) of these Rules from the date of receipt by the party being served, *provided that no default may be had on such service until such an affidavit has been filed*.

Ariz.R.Civ.P. 4.2(c), *emphasis added*. An affidavit of service, as provided for in the rule, having not been filed, adequate service has not been established. Entry of default is not appropriate.

Plaintiffs' Applications for Entry of Default will be denied. To the extent Defendant requests that default not be entered, the Motions to Set Aside Default will be granted.

- 3 -

*Motion to Dismiss*

Defendant seeks dismissal based Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 9(b). In seeking dismissal, Defendant asserts that the loan documents may be considered without the motion being converted into a motion for summary judgment

Generally, a court may only consider the pleadings and judicially noticed facts in deciding a Fed.R.Civ.P. 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir.1990). However, material that is properly attached to the complaint may properly be considered for purposes of a motion to dismiss without converting the motion into one for summary judgment. *Id.* at 1555 n. 19. Further, a court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1988). This extends to situations in which a plaintiff's claim depends on the contents of a document and the defendant attaches the document to its motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint. *See id.* In this case, Plaintiffs have not set forth any specific facts in support of their claims. However, Plaintiffs' document refers to a loan number, discusses threats of foreclosure, sale and eviction, and discusses a mortgage/deed of trust. In other words, Plaintiffs' claims appear to revolve around the loan. Defendant has attached the pertinent documents to its Motion to Dismiss. The Court finds it may properly consider the documents without converting the motion into one for summary judgment.

*Fed.R.Civ.P. 12(b)(6) Standard*

The United States Supreme Court has found that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Johnson v. Riverside Healthcare System, LP*,

- 4 -

1  534 F.3d 1116 (9th Cir. 2008). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 1965 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965. Thus, a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (or a motion for judgment on the pleadings) should be granted when a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id*. at 1974. However, the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 929 (2007).

In discussing *Twombly*, the Ninth Circuit has stated:

> "A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).
>
> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id*.

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to Plaintiffs. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable

inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

*Claim of Usury*

Plaintiffs allege that, as a result of artificially inflated "fair market values," the effective yield now vastly exceeds the legal lending limit in the State of Arizona. Because Plaintiffs' Complaint does not provide factual allegations to support this claim, this claim is conclusory. Additionally, Arizona law provides:

> A person shall not directly or indirectly take or receive in money, goods or things in action, or in any other way, any greater sum or any greater value for the loan or forbearance of any money, goods or things in action, than the maximum permitted by law. Any person, contracting for, reserving or receiving, directly or indirectly, any greater sum of value shall, forfeit all interest.

A.R.S. § 44-1202. Further, "[i]nterest on any loan, indebtedness, judgment or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to." A.R.S. § 44-1201(A). Plaintiffs have not alleged that the interest rate was not contracted for in writing. The Court finds Plaintiffs have failed to state a claim for usury.

*Claim of Violation under the Securities Act of 1933*

Plaintiffs allege that the sale of the security was part of a Ponzi scheme to sell securities to qualified investors using false ratings, false assurances, a promised rate of return, and inadequate disclosures. Again, Plaintiffs make conclusory allegations without supporting factual allegations. Furthermore, Plaintiffs have failed to allege any facts that would make a promissory note and a deed of trust involving real estate subject to either the Securities Act of 1933 or the Exchange Act of 1934. The Court finds Plaintiffs have failed to state a claim for a securities violation.

*Common Law Fraud in the Inducement and Fraud in the Execution of the Closing Documents*

Plaintiffs state in a conclusory fashion that there was common law fraud in the inducement and fraud in the execution of the closing documents. Plaintiffs have not "state[d] with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Such allegations must be specific enough "so that [defendants] can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Ebeid ex rel. U.S. v. Lungwitz*, — F.3d —, 2010 WL 3092637 (9th Cir. 2010) (who, what, when where, and how of misconduct must be alleged; plaintiff must set forth what is false about a statement and why it is false). The Court finds Plaintiffs have failed to state a claim for fraud.

*Violation of Truth in Lending Act ("TILA")*

Plaintiffs assert that TILA claims have been summarized in prior correspondence. TILA and its implementing regulation, 12 C.F.R. § 226, require lenders to make certain disclosures in connection with consumer loans. TILA's purpose is to "protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986). Plaintiffs have not alleged which disclosures were not made, which disclosures were not timely made, or which disclosures were misleading. *See generally Rubio v. Capital One Bank*, — F.3d —, 2010 WL 2836994 (9th Cir. 2010). The Court finds Plaintiffs have failed to state a claim for a TILA violation.

Additionally, Defendant asserts that Plaintiffs' TILA claim is time-barred. The Court agrees with Defendant that a claim for rescission under TILA must be brought within three years of the date the loan was consummated and that an action to recover damages must be brought within one year. 15 U.S.C. §§ 1635(f) and 1640(e); *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir. 2002); *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001 (9th

Cir. 2008). The Court, however, reaches no conclusion regarding the statute of limitations as it applies to this case because Plaintiffs' claim simply has insufficient facts for this Court to consider.

*Violation of the Real Estate Settlement Practices Act ("RESPA")*

Plaintiffs assert that Defendant has failed to properly respond to claims under RESPA, but does not provide any factual support for their claim that RESPA has been violated. The stated Congressional purpose of RESPA was to "insure that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charge[s]." 12 U.S.C. § 2601(a); *see also* 17 Am.Jur.2d Consumer Protection § 228 (2010). Defendant, in its Motion to Dismiss, focuses on the HUD-1 settlement statement and the good faith estimate provided to Plaintiffs to assert that Plaintiffs' claim is fatally flawed. Without any factual allegations in the Complaint, the Court simply cannot speculate as to the nature of Plaintiffs' claim. The Court finds Plaintiffs have failed to state a RESPA claim.

Additionally, the Court advises Plaintiffs that violations of RESPA section 1605 are subject to a three-year statute of limitations and violations of RESPA sections 2607 and 2608 are subject to a one-year statute of limitations. 12 U.S.C. § 2614. Moreover, the RESPA statute of limitations periods run "from the date of the occurrence of the violation." 12 U.S.C. § 2614.

*Claim of Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")*

Plaintiffs allege there were multiple parties in multiple states involved in a scheme in which false, misleading and non-conforming statements were made to investors and borrowers. To state a claim for a violation of 18 U.S.C. § 1962(c), Plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)

(footnote omitted); *see also H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity). Further, Plaintiffs must allege the racketeering activity caused injury to the Plaintiffs' business or property. *See Grimmett v. Brown*, 75 F.3d 56, 510 (9th Cir. 1996). Moreover, "[t]he Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1061 (N.D.Cal. 1991), *citing Schreiber Distributing Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986). Plaintiffs' vague and non-factual allegations simply do not allege a RICO claim with any specificity. The Court finds Plaintiffs have failed to state a RICO claim.

*Dismissal with Leave to Amend*

The Court will dismiss the claims and Plaintiffs an opportunity to submit an Amended Complaint. If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim.. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987). The Court has discussed its bases for concluding that Plaintiffs have failed to state a claim. Additionally, the Court finds it appropriate to advise Plaintiffs of general pleading requirements.

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that

serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Rule 10(a), Fed.R.Civ.P. "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

Moreover, "[e]very pleading must have a caption with the court's name, a title, a file number and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed.R.Civ.P. 10(a).

Additionally, Plaintiffs are advised that all causes of action alleged in the original complaint which are not alleged in any Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Any Amended Complaint filed by Plaintiffs must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any Amended Complaint submitted by Plaintiffs shall be clearly designated as an Amended Complaint on the face of the document.

Plaintiffs should take notice that if they fail to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed.R.Civ.P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply

with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

*Service of Process*

As discussed herein, Defendant has asserted that Plaintiffs did not properly serve Defendant. However, Defendant has not requested dismissal based on insufficient service of process. *See* Fed.R.Civ.P. 12(b)(5). The Court finds Defendant has waived this defense pursuant to Fed.R.Civ.P. 12(g) and 12(h). Any Amended Complaint, and other documents required to be served, shall be served pursuant to Fed.R.Civ.P. 5.

Accordingly, IT IS ORDERED:

1. Plaintiffs' Application for Default (Doc. 5) and Plaintiffs' Amended Application for Default (Doc. 8) are DENIED.

2. Defendant's Motion to Set Aside Default (Doc. 7) and Defendant's Motion to Set Aside Amended Application for Default (Doc. 9) are DENIED.

3. Defendant's Motion to Dismiss (Doc. 6) is GRANTED. The Complaint is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND. **Plaintiffs shall have until September 20, 2010, to file an Amended Complaint.**

4. Any Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior Complaint or subsequent pleadings by reference. All causes of action alleged in the original complaint which are not alleged in any amended complaint will be waived. Any Amended Complaint should be clearly designated as an amended complaint on the face of the document.

5. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Plaintiffs, if Plaintiffs fail to file an Amended Complaint on or before September 20, 2010.

6. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the

District Judge to whom the case is assigned.  *See* L.R.Civ. 5.4; *see also* Administrative Policies and Procedures § II(D)(3) (regarding courtesy copies for chambers).  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice.**

7. At all times during the pendency of this action, Plaintiffs shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS".  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Plaintiffs shall serve a copy of the Notice of Change of Address on all served opposing parties.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 24th day of August, 2010.

_____
Cindy K. Jorgenson
United States District Judge